[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 40.]

CLEVELAND BAR ASSOCIATION *v*. PODOR.

[Cite as *Cleveland Bar Assn. v. Podor*, 1995-Ohio-303.]

*Attorneys at law—Misconduct—Six-month suspension suspended on condition of completion of two-year monitored probation—Charging or collecting a clearly excessive fee—Accepting employment that adversely affects professional judgment on behalf of client without client's consent after full disclosure—Continuing multiple employment that adversely affects professional judgment on behalf of client without client's consent after full disclosure.*

(No. 94-2648—Submitted January 24, 1995—Decided April 19, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 93-34.

———————————

{¶ 1} Relator, Cleveland Bar Association, on June 21,1993, charged respondent, Kenneth C. Podor of Chagrin Falls, Ohio, Attorney Registration No. 0014067, with having violated, inter alia, DR 2-106(A) (charging or collecting a clearly excessive fee), 5-105(A) (accepting employment that adversely affects professional judgment on behalf of client without client's consent after full disclosure), and 5-105(B) (continuing multiple employment that adversely affects professional judgment on behalf of client without client's consent after full disclosure). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter on August 29, 1994.

{¶ 2} The parties stipulated to the events underlying this complaint and to the charged misconduct, as follows:

"1. * * *[Respondent] was retained by Samuel Tamburrino on June 13, 1988 to represent Mr. Tamburrino in a personal injury claim arising from a slip and fall accident;

"2. * * * [O]n June 13, 1988, [respondent] and Mr. Tamburrino entered into a contingent fee contract that provided, inter alia, that [respondent's] compensation would be 40% of the amount recovered;

"3. * * * [Respondent] filed, on behalf of Mr. Tamburrino, a civil action in the Cuyahoga County Court of Common Pleas, bearing case #181870;

"4. * * * [O]n or about January 20, 1990, the civil action was settled for the gross amount of $40,000.00;

"5. * * * [Respondent] withheld $16,000.00 from the gross settlement for his 40% contingent fee;

"6. * * * [Respondent] also withheld from the gross settlement $8,581.31, to cover the lien or claim filed against the settlement by HMO Ohio, for reimbursement of the costs of medical care provided by HMO Ohio to Mr. Tamburrino;

"7. * * * [Respondent] negotiated with * * * the attorney for HMO Ohio, a reduction in the amount needed to satisfy the lien or claim of HMO Ohio;

"8. * * * [T]he amount that HMO Ohio agree[d] to accept to satisfy the lien or claim * * * was $4,500.00;

"9. * * * [W]ithout approval of Mr. Tamburrino, [respondent] took an additional fee of $3,432.52 (40% of $8,581.31) and remitted to Mr. Tamburrino a check for $648.79;

"10. * * * [Respondent's] taking of the $3,432.52 constituted the taking of a clearly excessive fee in violation of DR 2-106(A) * * * ;

"11. * * * When [respondent's] taking of the $3,432.52 was questioned by Mr. Tamburrino, through his new counsel, he responded that he was reatined [sic,

retained] by HMO Ohio to collect the $8,581.31 bill owed by Mr. Tamburrino to HMO Ohio;

"12. * * * HMO Ohio never consented to [respondent's ] representation of it;

"13. * * * Mr Tamburrino did not consent to [respondent's] representation of both Mr. Tamburrino and HMO Ohio;

"14. * * * [Respondent] negotiated the reduction in the bill owed by Mr. Tamburrino to HMO Ohio without the prior consent, authority or knowledge of Mr. Tamburrino;

"15. * * * [Respondent's] representation of Mr. Tamburrino and HMO Ohio created a conflict of interest such that his actions violated DR 5-105(A) * * * and (B) * * * ."

{¶ 3} The panel found violations of the Disciplinary Rules as stipulated. The panel recommended a six-month suspension from the practice of law that was to be suspended on the conditions that respondent be placed on probation with a monitor assigned by relator and follow all reasonable instructions from this monitor, and that he comply in all respects with the requirements of the Code of Professional Responsibility. The board adopted the panel's findings and its recommendation.

---

*Edward T. Clarke*, *Warren P. Geiger*, *Robert H. Gillespy II* and *Mary Cibella*, Bar counsel, for relator.

*Synenberg & Associates* and *Roger M. Synenberg*, for respondent.

---

**Per Curiam.**

{¶ 4} We have reviewed the record and agree with the board's findings of misconduct and its recommendation. Respondent is, therefore, suspended from the practice of law in Ohio for a period of six months, but this sanction is suspended

on the condition that respondent complete a two-year monitored probation as set forth by the board.  Costs taxed to respondent.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., and WRIGHT, J., dissent.

———————————

**WRIGHT, J., dissenting.**

{¶ 5} Because I would not suspend respondent's six-month suspension, I respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.

———————————